(61 Misc. Rep. 480.)

KELLY v. KELLY.

(Supreme Court, Special Term, New York County. December, 1908.)

HUSBAND AND WIFE (§ 279*) — ACTION FOR SEPARATION — EFFECT OF PREVIOUS SETTLEMENT.

In an action by a wife for separation, defendant pleaded a previous agreement by which he paid her $7,000 and conveyed certain real property, which she agreed to accept in full of all claims which she had or might thereafter have against her husband. The parties had been in litigation over the ownership of certain realty, and the claim of the wife in that litigation might have been a consideration for the payment and conveyance from the husband. *Held*, that the agreement did not show an intent to include the right of the wife's support among the differences then settled with her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1054; Dec. Dig. § 279.*]

Action by Jennie Kelly against John W. Kelly for separation. Judgment for plaintiff.

Maynard Jacobson, for plaintiff.
D. E. & J. F. Lynch, for defendant.

BLANCHARD, J. This is an action by a wife against her husband for a separation and separate maintenance. She has alleged and proved an abandonment by the defendant, and the defendant has offered no proof in opposition. His defense is based upon an agreement heretofore entered into between the parties, and he pleads that agreement as a bar to this action. It appears that at the time the agreement was entered into the parties were living apart from each other, and that an action respecting certain property rights was pending between them, and for the purpose of settling all differences the agreement was made. Aside from this agreement the plaintiff presents a prima facie case for separate support, and the only question to be determined is whether or not the agreement referred to is a bar to the maintenance of this action. The agreement must be considered both as to the subject-matter and surrounding circumstances at the time it was made. In absence of direct attack upon it, the agreement must show either directly or by reasonable implication that the minds of the two parties met as regards provision for the future support of the wife. It appears that certain difficulties existed between the parties which this agreement was to compose, and in consideration of certain premises they agreed to certain specific and general agreements. It recites among the premises a payment of $25 a week to the wife for her support,

and that is the only specific mention in the agreement which refers to the duty of the husband in this respect.. Paragraph 4 of the agreement provides as follows:

"And the party of the first part further agrees that she accepts the said sum of $7,000 and the house in Bath Beach free and clear as aforesaid, and free of all claims of every kind and description which she now has and may hereafter have against said party of the second part."

The defendant contends that this provision of the agreement releases him from further payment for her support. I am of the opinion that such general language in the agreement cannot be interpreted to release the defendant from the obligation imposed upon. him by law, unless attending circumstances show that the plaintiff clearly intended so to do. The circumstances surrounding this transaction are such as not to warrant the belief that such was the plaintiff's intent. Prior to the agreement, which bears date April 20, 1904, plaintiff and defendant had been engaged in litigation over certain property situated at No. 141 West Forty-First street, city of New York, upon which plaintiff sought to impress a trust. In that action the plaintiff .claimed ownership of a piece of property consisting of a house and lot situated at No. 533 Lenox avenue, city of New York, against the defendant's contention that it was held by her in trust for him. This property was incumbered by a first mortgage of $18,000, and was worth $11,000 over and above all incumbrances. This house and lot was exchanged by her for the property No. 141 West Forty-First street, mentioned above, subject to a mortgage of $39,000 and a lease thereon. The plaintiff claimed that the defendant caused conveyance to be made to the codefendant in the trust action, Mary Doyle, in fraud of her rights in the Forty-First street property.

For the purpose of this action the court must assume her claim to have been a good one, since a specific provision in the agreement and consideration was given the plaintiff in satisfaction of her claim. In addition, as a further consideration of the agreement, the defendant in this action transferred to the plaintiff a half interest in certain property, of which the plaintiff owned the other half, situated at Bath Beach. The value of this property at Bath Beach is variously estimated. The plaintiff has sworn that she believes .$9,000 a fair value, while the defendant swears the value to be double that sum. The property is assessed for $6,800. The rents of this property since April, 1904, have been $2,585; but as to whether this amount is for rent of the entire house, or a portion thereof, does not appear. It is a matter of 'difficulty in this latter instance to determine what the plaintiff here actually received as a consideration of the various claims and rights which she had against the defendant; but, taking into consideration all she received, it does not amount to much, if any, more than $11,000, which she claims was due her on the Forty-First street property. In addition, it is significant that the plaintiff for several weeks after the agreement continued to receive the same amount, $25 a week, which she had been receiving prior to the agreement. These facts, taken into conjunction with the agreement itself, seem to lead to the conclusion that the plaintiff did not intend to include the right

to support among the differences which she settled with the defendant.

Judgment is given for the plaintiff, and alimony at the rate of $25 per week is accorded.

Judgment accordingly.